IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN CUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-01349 |
| | ) | |
| TRANS STATES HOLDINGS, INC., | ) | Honorable Harry D. Leinenweber |
| TRANS STATES AIRLINES, GOJET | ) | Magistrate: Judge Cole |
| AIRLINES, and ED TROWBRIDGE. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS TRANS STATES AIRLINES' AND ED TROWBRIDGE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Trans States Airlines and Ed Trowbridge (hereafter collectively "Defendants"), by and through their attorney of record, and file this Answer and Affirmative Defenses to Plaintiff Darren Cuff's (hereafter "Plaintiff") Complaint at Law.

## ANSWER

### NATURE OF ACTION

1.   Defendants admit only that Plaintiff is alleging claims under the FMLA. However, Defendants deny that it violated the FMLA and that it unlawfully terminated Plaintiff as alleged in paragraph 1.

### JURISDICTION AND VENUE

2.   Upon information and belief, Defendants admit the allegations in paragraph 2.

3.   Defendants deny that any unlawful employment practices as described

in Plaintiff's complaint were committed. However, Defendants admit that venue is proper in the Northern District of Illinois as alleged in paragraph 3.

## PARTIES

4. Defendants admit that Plaintiff was hired by Trans States Airlines on October 22, 2006 and terminated by Trans States Airlines on December 11, 2009. Defendants deny the remaining allegations in paragraph 4 not specifically admitted for the reason that said allegations are not true.

5. Defendants deny the allegations in paragraph 5 for the reason that said allegations are not true.

6. Defendants deny the allegations in paragraph 6 for the reason that said allegations are not true.

7. Upon information and belief, Defendants admit the allegations in paragraph 7.

8. Upon information and belief, Defendants admit the allegations in paragraph 8.

9. Upon information and belief, Defendants admit that Trans States Airlines and GoJet Airlines are in the airline industry and are regional carriers that operate as United Express. Defendants deny the remaining allegations in paragraph 9 not specifically admitted for the reason that said allegations are not true.

10. Defendants deny the allegations in paragraph 10 for the reason that said allegations are not true.

11. Defendants admit that Defendant Trowbridge is employed by TSH. Defendants deny the remaining allegations in paragraph 11 not specifically admitted

for the reason that said allegations are not true.

## FACTUAL ALLEGATIONS

12. Defendants deny the allegations in paragraph 12 for the reason that said allegations are not true.

13. Defendants deny the allegations in paragraph 13 for the reason that said allegations are not true.

14. Defendants deny the allegations in paragraph 14 for the reason that said allegations are not true.

15. Defendants deny the allegations in paragraph 15 for the reason that said allegations are not true.

16. Defendants deny the allegations in paragraph 16 for the reason that said allegations are not true.

17. Defendants deny the allegations in paragraph 17 for the reason that said allegations are not true.

18. Defendants admit the allegations in paragraph 18.

19. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 19 and for that reason deny the same.

20. Defendants deny the allegations in paragraph 20 for the reason that said allegations are not true.

21. Defendants deny the allegations in paragraph 21 for the reason that said allegations are not true.

22. Defendants deny the allegations in paragraph 22 for the reason that said allegations are not true.

23. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 23 and for that reason deny the same.

24. Defendants admit that on our about December 9, 2009 Plaintiff requested four weeks of FMLA leave. Defendants deny any remaining allegations contained in paragraph 24 not specifically admitted.

25. Defendants admit that Trowbridge sent a letter denying Plaintiff's 2009 FMLA request on the basis that he was not FMLA eligible. Defendants deny any remaining allegations contained in paragraph 25 that are not specifically admitted.

26. Defendants deny the allegations in paragraph 26 for the reason that said allegations are not true.

27. Defendants deny the allegations in paragraph 27 for the reason that said allegations are not true.

28. Defendants are without sufficient knowledge to admit or deny Plaintiff's mental and/or medical condition and for that reason deny the same. Defendants deny every other allegation in paragraph 28.

29. Defendants deny the allegations in paragraph 29 for the reason that said allegations are not true.

30. Defendants are without sufficient knowledge to admit or deny as to the reason that Plaintiff did not return to work, and for that reason deny the same. Defendants admit that Plaintiff's employment was terminated by Trans States Airlines on January 11, 2010 for chronic absence. Defendants deny each and every other allegation contained in paragraph 30 not specifically admitted.

31. Defendants deny the allegations in paragraph 30 for the reason that said

allegations are not true.

## COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

32.  Defendants incorporate each and every response set forth in paragraphs 1-31 above as if fully incorporated herein.

33.  Defendants admit that Plaintiff had been employed with Trans States Airlines for approximately three years from October 22, 2006 until January 11, 2010. Defendants deny the remaining allegations set forth in paragraph 33 that are not specifically admitted.

34.  Defendants are without sufficient knowledge to admit or deny that Plaintiff's alleged Crohn's Disease and Bipolar Disorder constitute a "serious health condition" within the meaning of the FMLA and for that reason deny the same. Defendants specifically deny that Plaintiff was entitled to FMLA leave.

35.  Defendants deny the allegations in paragraph 35 for the reason that said allegations are not true.

36.  Defendants deny the allegations in paragraph 36 for the reason that said allegations are not true.

37.  Defendants are without sufficient knowledge to speculate as to the reasons for Plaintiff's absence from work beginning on December 28, 2009 and therefore deny the same.  Defendants specifically deny that Plaintiff's absences were FMLA qualifying.

38.  Defendants admit that Plaintiff's employment was terminated on January 11, 2010 for chronic absence.  Defendants deny each and every other allegation contained in paragraph 38 for the reason that said allegations are not true.

39. Defendants deny the allegations in paragraph 39 for the reason that said allegations are not true.

### COUNT II – FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

40. Defendants incorporate each and every response set forth in paragraphs 1-39 above as if fully incorporated herein.

41. Defendants deny the allegations in paragraph 41 for the reason that said allegations are not true.

42. Defendants deny the allegations in paragraph 42 for the reason that said allegations are not true.

43. Defendants deny the allegations in paragraph 43 for the reason that said allegations are not true.

44. Defendants deny the allegations in paragraph 44 for the reason that said allegations are not true.

45. Defendants deny the allegations in paragraph 45 for the reason that said allegations are not true.

46. Defendants deny the allegations in paragraph 46 for the reason that said allegations are not true.

47. Defendants deny the allegations in paragraph 47 for the reason that said allegations are not true.

48. Defendants deny the allegations in paragraph 48 for the reason that said allegations are not true.

### **Affirmative Defenses**

A. Plaintiff's Compliant, and each of its purposed causes of action, fails to

state facts sufficient to constitute a cause of action as against these answering Defendants.

B. Although Plaintiff was an at-will employee and subject to termination for any reason, there was good cause for Plaintiff's discharge.

C. All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation.

D. There were legitimate business reasons for all actions of Defendants which Plaintiff claims are in violation of the FMLA.

E. There is no evidence of pretext to counter Defendant's legitimate business reasons.

F. Plaintiff's Complaint should be dismissed to the extent that he was not eligible for FMLA benefits for the following reasons:

    1. Plaintiff's employer, Trans States Airlines, does not employ fifty or more employees within a 75-mile radius of Plaintiff's work site;

    2. Plaintiff was a "key" employee in that he was the highest paid employee of Trans States Airlines, and the only customer service manager, at the work site and therefore Defendant Trans States Airlines could not accommodate Plaintiff's request.

    3. Plaintiff failed to give Defendant Trans States Airlines reasonable notice of his alleged need for leave as required by FMLA.

G. Plaintiff's action is barred by estoppel in that Plaintiff's own failure to satisfactorily perform his job requirements and to show up for work caused his termination.

H.    To the extent, if any, Defendants are found to have violated the FMLA with respect to Plaintiff's complaint (which Defendants deny), said violation was not willful.

I.    Litigation is at an early stage and Defendants' investigation of the allegations raised in Plaintiff's Compliant is continuing. Accordingly, Defendants reserve the right to raise additional affirmative defenses.

### Prayer

WHEREFORE, for the foregoing reasons, Defendants Trans States Airlines and Ed Trowbridge ask this court to dismiss Plaintiff's suit with prejudice, that judgment be entered in favor of Defendants, for all costs it incurred, and for all other relief the court deems appropriate.

Dated: March 26, 2010                    Respectfully Submitted,

/s/: David J.A. Hayes, III
_____
David J.A. Hayes III, IlBar #623129
Vice President & General Counsel
Trans States Holdings, Inc.
11495 Navaid Rd.
Bridgeton, MO 63044
314-222-4316  Phone
314-222-4311  Fax
dhayes@transstates.net

Attorney for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE
*Darren Cuff v. Trans States Holdings, Inc., et al.*
10-CV-01349

I hereby certify that on March 19, 2010, I electronically filed the foregoing **Answer and Affirmative Defenses by Defendants Trans States Airlines and Ed Trowbridge** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Filing: Alejandro Caffarelli and Bradley Manewith.

I also certify that I have forwarded a paper copy of the foregoing, via standard overnight delivery, to: Judge Leinenweber pursuant to Local Rule 5.2(f).

Dated:      March 26, 2010            Respectfully Submitted,

/s/: David J.A. Hayes, III
_____
David J.A. Hayes III, IlBar #623129
Vice President & General Counsel
Trans States Holdings, Inc.
11495 Navaid Rd.
Bridgeton, MO 63044
314-222-4316  Phone
314-222-4311  Fax
dhayes@transstates.net

Attorney for Defendants