**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DARREN CUFF,** | |
| Plaintiff, | **Case No. 10 C 1349** |
| v. | |
| **TRANS STATES HOLDINGS, INC.,** *et al.*, | **Hon. Harry D. Leinenweber** |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Defendants Trans States Holdings ("Trans States Holdings" or "TSH") and GoJet ("GoJet") each move to dismiss the claims against them. Trans States Holdings alleges that this Court lacks personal jurisdiction over it. GoJet alleges that Plaintiff Cuff failed to state a claim against it upon which relief can be granted. Although these motions were filed by separate parties and are based on separate grounds for dismissal, they will be decided together because resolution of these motions depends on common issues of fact and law. The Motions to Dismiss are denied for the reasons stated herein.

**I. BACKGROUND**

Plaintiff Darren Cuff ("Cuff") was employed as "Regional Manager - United Express Operations" at O'Hare Airport in Chicago, Illinois from October 22, 2006 until his termination on January 11, 2010. Cuff alleges that his termination violated the Family and Medical Leave Act (the "FMLA").

The dispute in both Motions to Dismiss centers around which of the Defendant(s) employed Cuff. The Complaint alleges that Trans States Holdings ("TSH"), Trans States Airlines ("TSA"), and GoJet Airlines ("GoJet") are an integrated employer or joint employers such that all three employed Cuff for purposes of FMLA liability. In support of this theory, the Complaint states that TSH hired Cuff, and that Cuff supervised employees, attended employee meetings, drafted binding policies, and served as the O'Hare contact person for both TSA and GoJet. The Complaint also states that Cuff was directly supervised and eventually terminated by Ed Trowbridge ("Trowbridge"), who worked for TSH as the Managing Director, Customer and Ground Services.

TSH and GoJet both move to dismiss on the grounds that they never employed Cuff and were not a joint employer or part of an integrated employer. More specifically, TSH claims that it has no business or employees in Illinois so personal jurisdiction is lacking, while GoJet argues it should be dismissed from the case as

a nonparty because Cuff failed to state a claim that GoJet is a joint or integrated employer.

## II. **LEGAL STANDARD**

A federal district court exercising federal question jurisdiction can gain personal jurisdiction over a defendant if jurisdiction would not violate federal due process requirements and the defendant is "amenable to service of process" by the court. *United States v. Martinez de Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). Due process requires that each defendant have sufficient contacts with the United States so that the exercise of jurisdiction does not violate "traditional notions of fair play and substantial justice." *Id.* at 382. Federal Rule of Civil Procedure 4(k) governs amenability to process, and states in relevant part:

> Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> . . . [or]
> (C) when authorized by a federal statute.

Once a defendant moves to dismiss under Rule 12(b)(2), the burden of demonstrating personal jurisdiction falls on the plaintiff. *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer*

- 3 -

*Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). In cases where the parties submit written materials to support their arguments, all factual disputes are resolved in plaintiff's favor and the plaintiff "need only make out a prima facie case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to satisfy Rule 8's pleading requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief." For a motion to dismiss, the Court accepts as true all factual allegations in a complaint but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. <u>ANALYSIS</u>

#### A. Personal Jurisdiction

Defendant TSH moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2). This Court's ruling is based on the briefs and not an evidentiary hearing, so Plaintiff must

establish only a prima facie case of personal jurisdiction to defeat TSH's motion to dismiss. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

The first test for personal jurisdiction is whether exercising such jurisdiction would violate federal due process requirements. Since subject matter jurisdiction in this case is based on a federal question under the FMLA, and not diversity, due process is based on the Fifth Amendment and not the Fourteenth Amendment. *See United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992). The Fifth Amendment's due process right requires "only that each party have sufficient contacts with the United States as a whole rather than any particular state or other geographic area." *Ortiz*, 910 F.2d at 382; *see Bd. of Trs. v. Elite Erectors, Inc.*, 212 F.3d 1031, 1036-37 (7th Cir. 2000). While this requirement may be difficult to satisfy for foreign defendants, *see Reimer*, 230 F.3d 934, it is not difficult to satisfy when applied to a domestic entity such as TSH. TSH maintains a principal place of business and a significant number of employees in Missouri. These are significant contacts, so the exercise of personal jurisdiction over TSH would not violate Fifth Amendment due process requirements.

The second test for personal jurisdiction is whether TSH is "amenable to service of process" under Rule 4(k). As an initial matter, the FMLA does not provide for nationwide service of process so Rule 4(k)(1)© does not apply. *See Beller v. MacDermid, Inc.*, No. 01 210 C, 2002 WL 31045377, at *2 (S.D.Ind. Sept. 9, 2002); *Pelchat v. Sterilite Corp.*, 931 F.Supp. 939, 943 (D.N.H. 1996). That leaves Rule 4(k)(1)(A), which permits this Court to establish personal jurisdiction if TSH is subject to personal jurisdiction in Illinois state court. Personal jurisdiction in Illinois state court is appropriate if it is permitted by the Illinois long-arm statute and it is constitutional under the Fourteenth Amendment. *Hyatt*, 302 F.3d at 713.

### *1. Illinois Long-Arm Statute*

The long-arm statute of Illinois enumerates a number of permitted grounds for jurisdiction and states that a "court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209©. This catchall provision provides jurisdiction in any situation where it would be constitutional, even if none of the enumerated grounds in the long-arm statute are met. *Hyatt*, 302 F.3d at 713.

The Illinois Supreme Court has interpreted the due process guarantee of the Illinois Constitution as permitting jurisdiction "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill.2d 244, 275 (1990). This analysis relies on interpretations of due process under the Illinois Constitution by Illinois courts, and does not defer to federal due process rulings as precedential. *Id.* Therefore, the analysis of due process may theoretically diverge under Illinois and federal jurisdiction in special situations. However, as a practical matter "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt*, 302 F.3d at 713. The present case is not a special situation where the analysis diverges, so a single analysis under the Fourteenth Amendment suffices for both constitutional inquiries.

### 2. Fourteenth Amendment

The Fourteenth Amendment's due process guarantee limits personal jurisdiction to situations where the defendant has minimum contacts with the forum "such that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations and quotations omitted). The standard for minimum contacts depends on whether general or specific jurisdiction is asserted. *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997). Specific jurisdiction occurs when the suit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In a specific jurisdiction case, the defendant must "purposefully avail itself of the privilege of conducting activities" in the forum such that the defendant "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 486 (1985).

Plaintiff asserts both general and specific jurisdiction in this action, but it is sufficient for now to consider only specific jurisdiction. Plaintiff claims personal jurisdiction exists based on TSH's employment, supervision, and termination of him in Illinois. The present suit alleges that TSH violated the law in this supervision and termination, so the suit arises out of TSH's contacts with Illinois and specific jurisdiction is appropriate.

Plaintiff must establish a prima facie case of personal jurisdiction based on these contacts with the forum. Plaintiff

claims that TSH employed him, supervised him through its employee Ed Trowbridge, and controlled his work schedule. This scheduling included supervising Plaintiff's requests for leave to take care of personal medical issues and terminating his employment for a failure to comply with the schedule. Plaintiff also alleged that he was given a business card with the TSH logo and that TSH acted as his employer when it denied his FMLA leave request.

Plaintiff has met his burden of establishing a prima facie case of personal jurisdiction over TSH. The issue of whether TSH actually employed Plaintiff will not be resolved at this stage in litigation, but the evidence sustains a prima facie case that TSH purposely availed itself of the privilege of conducting business in Illinois. TSH's communications with Plaintiff demonstrate that it was exercising control over him in order to further its own business interests at O'Hare Airport. The management of his weekly hours, and ensuring he was in the office enough to cover his duties as a Regional Manager, benefitted TSH directly as Plaintiff was a key contact person for it at the airport. TSH purposely availed itself of Illinois' forum because its actions "were knowingly and intentionally directed towards Illinois." *See Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 254 F.Supp.2d 1028, 1036 (N.D. Ill. 2003). This is particularly true

in light of the termination letter sent to Plaintiff by Trowbridge on TSH letterhead. TSH should reasonably expect to be haled into court in Illinois on a claim of unlawful termination if TSH directly terminated an employee who worked in Illinois. TSH knew at the time it sent the termination that any wrong done to the Plaintiff would be felt at least in part in Illinois. For these reasons, TSH's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

Plaintiff moves to strike TSH's reply on the Rule 12(b)(2) motion for raising new arguments. Arguments made for the first time in a reply brief are waived. *See, e.g.*, *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006) (replies generally); *Martinez v. Sun*, No. 09 C 5422, 2010 U.S. Dist. LEXIS 57516 (N.D.Ill. June 8, 2010) (reply in motion to dismiss). TSH has therefore waived its argument, as to the motion to dismiss, that Plaintiff was not FMLA eligible because Defendants do not employ fifty or more employees. To the extent that TSH argues that the National Mediation Board's ruling regarding whether the Defendants are an integrated employer is entitled to any more deference than any other non-binding decision for this court, that argument is waived as well. TSH's reply brief contains other arguments which

validly address Plaintiff's response brief, so Plaintiff's motion to strike this reply is denied.

### B. **FAILURE TO STATE A CLAIM**

Defendant GoJet moves to dismiss itself under Rule 12(b)(6) for Plaintiff's failure to state a claim against it. GoJet states that it never employed Plaintiff and therefore cannot be held liable as an employer under the FMLA. Plaintiff alleges in his Complaint that GoJet may be liable because "Defendants TSH, TSA, and GoJet are an integrated employer and/or joint employers and/or acting in each-other's interest under the FMLA." Therefore, this motion to dismiss turns on whether Plaintiff properly stated an integrated or joint employer claim against GoJet.

The FMLA itself does not address integrated employers. However, the Department of Labor, through its power to "prescribe such regulations as are necessary to carry out" the FMLA, *Grace v. USCAR*, 521 F.3d 655 (6th Cir. 2008), has set forth the basis for an integrated employer in 29 C.F.R. § 825.104(c)(2):

> (2) Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the

>>entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>>>(I) Common management;
>>>(ii) Interrelation between operations;
>>>(iii) Centralized control of labor relations; and
>>>(iv) Degree of common ownership/financial control.

This provision permits plaintiffs to aggregate the employees of the integrated enterprises in order to meet the required minimum of fifty employee for an employer to be covered by the FMLA. *See*, 29 C.F.R. § 825.104(a). The provision does not explicitly permit a plaintiff to sue each of the integrated enterprises individually, as it focuses on aggregating employees to meet the minimum required. However, courts have used this provision to permit a plaintiff to bring in all the integrated enterprises as separate defendants. *See*, *e.g.*, *Edwards v. Branson Dev., LLC*, No. 09 3040 CV, 2010 U.S. Dist. LEXIS 45442 (W.D. Mo. May 10, 2010); *Strohl v. Brite Adventure Ctr., Inc.*, No. 08 CV 259, 2009 U.S. Dist. LEXIS 78145 (E.D.N.Y. Aug. 28, 2009); *Smith v. Allen Health Sys.*, No. C 99 2128, 2001 U.S. Dist. LEXIS 10547 (N.D.Iowa Mar. 30, 2001). Following the logic of these courts leads to the result that if Plaintiff properly stated a claim that GoJet is an integrated employer with TSH and TSA, then GoJet will not be dismissed as a

- 12 -

defendant. GoJet did not challenge this implicit assumption as its reply brief only argued that GoJet was not an integrated or joint employer.

To defeat the motion to dismiss, Plaintiff must plausibly claim that GoJet is integrated with TSH and TSA. Turning to the first factor of the integrated employer test, Plaintiff provided little evidence of common management among the three entities. More evidence existed as to the second factor, with Plaintiff claiming that GoJet and TSA are highly interrelated operations. In particular, Plaintiff provided evidence that he drafted binding policies, attended employee meetings, was the key contact person at O'Hare, and had access to the computer systems for both companies. This evidence tends to establish an intermingling of operations such that Plaintiff was often performing work for both GoJet and TSA without any real delineation between the two in his job duties. The third factor, centralized control of labor relations, also has support in the Complaint. Trowbridge worked for TSH, but Plaintiff alleges that Trowbridge directly supervised his work schedule and eventually terminated him without any cooperation from a TSA or GoJet employee. This central control ties in with the fourth factor, common ownership, because Plaintiff alleges that TSA and GoJet are "fully-owned" subsidiaries of TSH. GoJet challenged the

- 13 -

legal conclusions to be drawn from these facts in its reply brief, but it did not challenge the facts themselves.

These factors are not exhaustive, as the relationship between TSH, TSA, and GoJet "is to be reviewed in its totality." 29 C.F.R. § 825.104(c)(2). These factors are supported by other facts such as Plaintiff's business card listing the logos of all three entities and Trowbridge's direct involvement in decisions on FMLA leave. All these facts must be accepted as true for purposes of a motion to dismiss because the strength of the integrated employer claim is not decided at this stage, just the sufficiency of the claim. Plaintiff's claim that GoJet is part of an integrated employer has a reasonable basis and so he has made a plausible claim for relief. Since the integrated employer claim is sufficiently pled, there is no need to consider the joint employer claim. GoJet's Motion to Dismiss is denied.

Plaintiff moves to strike GoJet's Reply on the Rule 12(b)(6) Motion on the grounds that it raised new arguments in a reply and because it asserted evidence outside the pleadings. As discussed above, the argument for deferring to a previous decision on the issue of an integrated employer is waived. As to the evidence outside the pleadings, in accordance with *Jacobs* the Court did not consider any extraneous submissions from GoJet in this decision.

*See Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000). Since GoJet's reply contained valid as well as invalid material, Plaintiff's Motion to Strike this reply is denied.

### IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Defendant TSH's Motion to Dismiss pursuant to Rule 12(b)(2) is denied.

2. Defendant GoJet's Motion to Dismiss pursuant to Rule 12(b)(6) is denied.

3. Plaintiff's Motion to Strike Defendant TSH's Reply is denied.

4. Plaintiff's Motion to Strike Defendant GoJet's Reply is denied.

**IT IS SO ORDERED.**

                                  Harry D. Leinenweber, Judge
                                  United States District Court

**DATE:** 7/8/2010