**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DARREN CUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-01349 |
| | ) | |
| TRANS STATES HOLDINGS, INC., | ) | Honorable Harry D. Leinenweber |
| TRANS STATES AIRLINES, GOJET | ) | Magistrate: Judge Cole |
| AIRLINES, and ED TROWBRIDGE, | ) | |
| Individually | ) | |
| | ) | |
| Defendant | ) | |

<u>**DEFENDANT TRANS STATES HOLDINGS, INC.'S**</u>
<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

COME NOW Defendant Trans States Holdings, Inc. (hereafter "Defendant"),

by and through its attorney of record, and files this Answer and Affirmative Defenses

to Plaintiff Darren Cuff's (hereafter "Plaintiff") Complaint at Law

<u>**ANSWER**</u>

**NATURE OF ACTION**

1. Defendant admits only that Plaintiff is alleging claims under the FMLA.

Defendant denies that it is an employer under or that it violated the FMLA as alleged

in paragraph 1.

**JURISDICTION AND VENUE**

2. Upon information and belief, Defendant admits the allegations in

paragraph 2.

3. Defendant denies that any of the allegedly unlawful employment

practices described in Plaintiff's complaint was committed by Defendant TSH and

that TSH has a facility at O'Hare International Airport. However, Defendant admits that venue is proper in the Northern District of Illinois as alleged in paragraph 3.

### PARTIES

4.      Defendant admits that Plaintiff was hired by Trans States Airlines on October 22, 2006 and was terminated by Trans States Airlines on December 11, 2009. Defendant denies the remaining allegations in paragraph 4 not specifically admitted for the reason that said allegations are not true.

5.      Defendant denies the allegations in paragraph 5 for the reason that said allegations are not true.

6.      Defendant denies the allegations in paragraph 6 for the reason that said allegations are not true.

7.      Upon information and belief, Defendant admits the allegations in paragraph 7.

8.      Upon information and belief, Defendant admits the allegations in paragraph 8.

9.      Upon information and belief, Defendant admits that Trans States Airlines and GoJet Airlines are in the airline industry and are regional carriers that operate as United Express. Defendant denies the remaining allegations in paragraph 9 not specifically admitted for the reason that said allegations are not true.

10.     Defendant denies the allegations in paragraph 10 for the reason that said allegations are not true.

2

11.     Defendant admits that Defendant Trowbridge is employed by Trans States Holdings. Defendant denies the remaining allegations in paragraph 11 not specifically admitted for the reason that said allegations are not true.

## FACTUAL ALLEGATIONS

12.     Defendant denies the allegations in paragraph 12 for the reason that said allegations are not true.

13.     Defendant denies the allegations in paragraph 13 for the reason that said allegations are not true.

14.     Defendant denies the allegations in paragraph 14 for the reason that said allegations are not true.

15.     Defendant denies the allegations in paragraph 15 for the reason that said allegations are not true.

16.     Defendant denies the allegations in paragraph 16 for the reason that said allegations are not true.

17.     Defendant denies the allegations in paragraph 17 for the reason that said allegations are not true.

18.     Defendant admits the allegations in paragraph 18.

19.     Defendant is without sufficient knowledge to admit or denies the allegations in paragraph 19 and for that reason denies the same.

20.     Defendant denies the allegations in paragraph 20 for the reason that said allegations are not true.

21.     Defendant denies the allegations in paragraph 21 for the reason that said allegations are not true.

3

22.     Defendant denies the allegations in paragraph 22 for the reason that said allegations are not true.

23.     Defendant is without sufficient knowledge to admit or denies the allegations in paragraph 23 and for that reason denies the same.

24.     Defendant denies the allegations in paragraph 24 for the reason that said allegations are not true.

25.     Defendant admits that Trowbridge sent a letter denying Plaintiff's 2009 FMLA request on the basis that he was not FMLA eligible. Defendant denies any remaining allegations contained in paragraph 25 that are not specifically admitted.

26.     Defendant denies the allegations in paragraph 26 for the reason that said allegations are not true.

27.     Defendant denies the allegations in paragraph 27 for the reason that said allegations are not true.

28.     Defendant is without sufficient knowledge to admit or deny allegations as to Plaintiff's mental and/or medical condition and for that reason denies the same. Defendant denies every other allegation in paragraph 28.

29.     Defendant denies the allegations in paragraph 29 for the reason that said allegations are not true.

30.     Defendant is without sufficient knowledge to admit or deny as to the reason the Plaintiff did not return to his job, and for that reason denies the same. Defendant denies each and every allegation contained in paragraph 30 not specifically addressed.

4

31. Defendant denies the allegations in paragraph 31 for the reason that said allegations are not true.

### COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

32. Defendant incorporates each and every response set forth in paragraphs 1-31 above as it fully incorporated herein.

33. Defendant denies the allegations in paragraph 33 for the reason that said allegations are not true.

34. Defendant is without sufficient knowledge to admit or denies that Plaintiff's alleged Crohn's Disease and Bipolar Disorder constitute a "serious medical condition" within the meaning of the FMLA and for that reason denies the same. Defendant specifically denies that Plaintiff was entitled to FMLA leave.

35. Defendant denies the allegations in paragraph 35 for the reason that said allegations are not true.

36. Defendant denies the allegations in paragraph 36 for the reason that said allegations are not true.

37. Defendant is without sufficient knowledge to speculate as to the reasons for Plaintiff's absences from work beginning on December 28, 2009 and therefore denies the same. Defendant specifically denies that Plaintiff's absences were FMLA qualifying

38. Defendant denies the allegations in paragraph 38 for the reason that said allegations are not true.

39. Defendant denies the allegations in paragraph 39 for the reason that said allegations are not true.

## COUNT II- FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

40.    Defendant incorporate each and every response set forth in paragraphs 1-39 above as if fully incorporated herein.

41.    Defendant denies the allegations in paragraph 41 for the reason that said allegations are not true.

42.    Defendant denies the allegations in paragraph 42 for the reason that said allegations are not true.

43.    Defendant denies the allegations in paragraph 43 for the reason that said allegations are not true.

44.    Defendant denies the allegations in paragraph 44 for the reason that said allegations are not true.

45.    Defendant denies the allegations in paragraph 45 for the reason that said allegations are not true.

46.    Defendant denies the allegations in paragraph 46 for the reason that said allegations are not true.

47.    Defendant denies the allegations in paragraph 47 for the reason that said allegations are not true.

48.    Defendant denies the allegations in paragraph 48 for the reason that said allegations are not true.

## AFFIRMATIVE DEFENSES

A.    Plaintiff's Complaint, and each of its purposed causes of actions, fails to state facts sufficient to constitute a cause of action as against Defendant.

B.      Plaintiff's Complaint should be dismissed as to Defendant TSH because Plaintiff was never employed by TSH at any point in time and therefore TSH is not Plaintiff's employer for purposes of FMLA leave.

C.      Defendant TSH has no employees in, or significant contacts with, Illinois and for those reasons personal jurisdiction is lacking.

D.      To the extent, if any, Defendant is found to have violated the FMLA with respect to Plaintiff's complaint (which Defendant denies), said violation was not willful.

E.      Litigation is at an early stage and Defendant's investigation of the allegations raised in Plaintiff's Complaint is continuing. Accordingly, Defendant reserves the right to raise additional affirmative defenses.

## PRAYER

WHEREFORE, for the forgoing reasons, Defendant Trans States Holdings, Inc. asks this court to dismiss Plaintiff's suit with prejudice, that judgment be entered in favor of Defendant, for all costs it incurred, and for all other relief the court deems appropriate.

7

Dated:  July 29, 2010                    Respectfully Submitted,

                                         /s/:  David J.A. Hayes III

                                         _____
                                         David J.A. Hayes III, IlBar #623129
                                         Vice President & General Counsel
                                         Trans States Holdings, Inc.
                                         11495 Navaid Rd.
                                         Bridgeton, MO 63044
                                         314-222-4316  Phone
                                         314-222-4311  Fax
                                         dhayes@transstates.net

                                         Attorney for Defendant

8

**CERTIFICATE OF ELECTRONIC SERVICE**
*Darren Cuff v. Trans States Holdings, Inc., et al.*
10-CV-01349

I hereby certify that on July 29, 2010, I electronically filed the foregoing Answer and Affirmative Defenses by Defendant Trans States Holdings with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Filing: Alejendro Caffarelli and Bradley Manewith.

I also certify that I have forwarded a paper copy of the foregoing, via standard overnight delivery, to Judge Leinenweber pursuant to Local Rule 5.2(f).

*/s/: David J.A. Hayes III*
_____

9