**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DARREN CUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-01349 |
| | ) | |
| TRANS STATES HOLDINGS, INC., | ) | Honorable Harry D. Leinenweber |
| TRANS STATES AIRLINES, GOJET | ) | Magistrate:  Judge Cole |
| AIRLINES, and ED TROWBRIDGE, | ) | |
| Individually | ) | |
| | ) | |
| Defendant | ) | |

<u>**DEFENDANT GOJET AIRLINE LLC'S**</u>
<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

COME NOW Defendant GoJet Airlines LLC (hereafter "Defendant" or "GJA"), by and through its attorney of record, and files this Answer and Affirmative Defenses to Plaintiff Darren Cuff's (hereafter "Plaintiff") Complaint at Law

<u>**ANSWER**</u>

**NATURE OF ACTION**

1.      Defendant admits only that Plaintiff is alleging claims under the FMLA. Defendant denies that it is subject to or that it violated the FMLA as alleged in paragraph 1.

**JURISDICTION AND VENUE**

2.      Upon information and belief, Defendant admits the allegations in paragraph 2.

3.      Defendant denies that any of the allegedly unlawful employment practices described in Plaintiff's complaint was committed by Defendant. However,

Defendant admits that it has a facility at O'Hare International Airport and that venue is proper in the Northern District of Illinois as alleged in paragraph 3.

## PARTIES

4.      Defendant denies the allegations in paragraph 4 for the reason that said allegations are not true.

5.      Defendant denies the allegations in paragraph 5 for the reason that said allegations are not true.

6.      Defendant lacks sufficient information to admit or deny any allegations as to Defendant Trans States Holdings and therefore denies the allegations in paragraph 6.

7.      Defendant lacks sufficient information to admit or deny any allegations as to Defendant Trans States Airlines and therefore denies the allegations in paragraph 7.

8.      Upon information and belief, Defendant admits the allegations in paragraph 8.

9.      Upon information and belief, Defendant admits that GJA is in the airline industry, is a regional carrier that operates as United Express and is a fully-owned subsidiary of Trans States Holdings. Defendant GJA denies the remaining allegations in paragraph 9 not specifically admitted for the reason that said allegations are not true.

10.      Defendant denies the allegations in paragraph 10 for the reason that said allegations are not true.

2

11.    Defendant denies the allegations in paragraph 11 for the reason that said allegations are not true.

## FACTUAL ALLEGATIONS

12.    Defendant lacks sufficient information to admit or deny when Plaintiff was hired by either TSH or TSA or how he performed his job and therefore denies the allegations in paragraph 12.

13.    Defendant denies the allegations in paragraph 13 for the reason that said allegations are not true.

14.    Defendant denies the allegations in paragraph 14 for the reason that said allegations are not true.

15.    Defendant lacks sufficient information to admit or deny as to the number of hours which Plaintiff worked in 2009 and therefore denies the allegations in paragraph 15.

16.    Upon information and belief, Defendant admits that GJA employs fifty (50) or more employees within seventy-five (75) miles of Chicago O'Hare International Airport.  Defendant denies the remaining allegations in paragraph 16 not specifically admitted for the reason that said allegations are not true.

17.    Defendant lacks sufficient information to admit or deny as to the number of employees which TSA employees and therefore denies the allegations in paragraph 17.

18.    Defendant admits the allegations in paragraph 18.

19.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19 and for that reason denies the same.

3

20.     Defendant denies the allegations in paragraph 20 for the reason that said allegations are not true.

21.     Defendant denies the allegations in paragraph 21 for the reason that said allegations are not true.

22.     Defendant is without sufficient knowledge to admit or deny as to any statements made to Plaintiff when he was hired because Defendant GJA did not hire Plaintiff.  Therefore, Defendant denies the allegations in paragraph 22.

23.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 23 and for that reason denies the same.

24.     Defendant denies the allegations in paragraph 24 for the reason that said allegations are not true.

25.     Defendant is without sufficient knowledge to admit or deny as to any actions by Defendant Trowbridge because Trowbridge is not an employee of GJA. Therefore, Defendant denies the allegations in paragraph 25.

26.     Defendant is without sufficient knowledge to admit or deny any information relating to Plaintiff's medical treatment and therefore denies the allegations in paragraph 26.

27.     Defendant is without sufficient knowledge to admit or deny as to any actions by Defendant Trowbridge because Trowbridge is not an employee of GJA. Therefore, Defendant denies the allegations in paragraph 27.

28.     Defendant is without sufficient knowledge to admit or deny allegations as to Plaintiff's mental and/or medical condition and for that reason denies the same. Defendant denies every other allegation in paragraph 28.

29.     Defendant is without sufficient knowledge to admit or deny as to any actions by Trowbridge because Trowbridge is not an employee of Defendant GJA. Therefore, Defendant denies the allegations in paragraph 29.

30.     Defendant is without sufficient knowledge to admit or deny as to the reason the Plaintiff did not return to his job, and for that reason denies the same. Defendant denies each and every allegation contained in paragraph 30 not specifically addressed.

31.     Defendant denies the allegations in paragraph 31 for the reason that said allegations are not true because Defendant GJA did not terminate Plaintiff.

## COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

32.     Defendant incorporates each and every response set forth in paragraphs 1-31 above as it fully incorporated herein.

33.     Defendant denies the allegations in paragraph 33 for the reason that said allegations are not true.  Plaintiff was never employed by GJA.

34.     Defendant is without sufficient knowledge to admit or denies that Plaintiff's alleged Crohn's Disease and Bipolar Disorder constitute a "serious medical condition" within the meaning of the FMLA and for that reason denies the same. Defendant specifically denies that Plaintiff was entitled to FMLA leave.

35.     Defendant denies the allegations in paragraph 35 for the reason that said allegations are not true.

36.     Defendant denies the allegations in paragraph 36 for the reason that said allegations are not true.  GJA did not deny Plaintiff's FMLA request.

37.     Defendant is without sufficient knowledge to speculate as to the reasons for Plaintiff's absence from work beginning on December 28, 2009 and therefore denies the same.   Defendant denies that Plaintiff's absences were FMLA qualifying because GJA was not Plaintiff's employer for purposes of FMLA.

38.     Defendant denies the allegations in paragraph 38 for the reason that said allegations are not true.  GJA did not terminate Plaintiff's employment.

39.     Defendant denies the allegations in paragraph 39 for the reason that said allegations are not true.

### COUNT II- FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

40.     Defendant incorporate each and every response set forth in paragraphs 1-39 above as if fully incorporated herein.

41.     Defendant denies the allegations in paragraph 41 for the reason that said allegations are not true.  GJA never paid any compensation to Plaintiff.

42.     Defendant denies the allegations in paragraph 42 for the reason that said allegations are not true.

43.     Defendant denies the allegations in paragraph 43 for the reason that said allegations are not true.

44.     Defendant denies the allegations in paragraph 44 for the reason that said allegations are not true.

45.     Defendant denies the allegations in paragraph 45 for the reason that said allegations are not true.

46.     Defendant denies the allegations in paragraph 46 for the reason that said allegations are not true.

6

47.     Defendant denies the allegations in paragraph 47 for the reason that said allegations are not true.

48.     Defendant denies the allegations in paragraph 48 for the reason that said allegations are not true.

## AFFIRMATIVE DEFENSES

A.      Plaintiff's Complaint, and each of its purposed causes of actions, fails to state facts sufficient to constitute a cause of action as against Defendant.

B.      Plaintiff's Complaint should be dismissed as to Defendant GJA because Plaintiff was never employed by GJA at any point in time and therefore GJA is not Plaintiff's employer for purposes of FMLA leave.

C.      Defendant GJA took no part in the decision to terminate Plaintiff's employment or deny his request for FMLA leave.

D.      Defendant GJA paid no compensation to Plaintiff.

E.      Litigation is at an early stage and Defendant's investigation of the allegations raised in Plaintiff's Complaint is continuing. Accordingly, Defendant reserves the right to raise additional affirmative defenses.

## PRAYER

WHEREFORE, for the forgoing reasons, Defendant GoJet Airlines LLC asks this court to dismiss Plaintiff's suit with prejudice, that judgment be entered in favor of Defendant, for all costs it incurred, and for all other relief the court deems appropriate.

Dated:  July 30, 2010

Respectfully Submitted,

*/s/:  David J.A. Hayes III*

David J.A. Hayes III, IlBar #623129
Vice President & General Counsel
Trans States Holdings, Inc.
11495 Navaid Rd.
Bridgeton, MO 63044
314-222-4316  Phone
314-222-4311  Fax
dhayes@transstates.net

Attorney for Defendant

8

**CERTIFICATE OF ELECTRONIC SERVICE**
*Darren Cuff v. Trans States Holdings, Inc., et al.*
10-CV-01349

I hereby certify that on July 30, 2010, I electronically filed the foregoing Answer and Affirmative Defenses by Defendant GoJet Airlines with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Filing: Alejendro Caffarelli and Bradley Manewith.

I also certify that I have forwarded a paper copy of the foregoing, via standard overnight delivery, to Judge Leinenweber pursuant to Local Rule 5.2(f).

/s/:  David J.A. Hayes III
_____