**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DARREN CUFF, | **Judge Leinenweber** |
| Plaintiff, | Magistrate Judge Cole |
| v. | No. 10 CV 01349 |
| TRANS STATES HOLDINGS, INC., TRANS STATES AIRLINES, GOJET AIRLINES, and ED TROWBRIDGE, individually, | |
| Defendants. | |

**PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ISSUES PERTAINING TO THE AWARD OF FULL BACK PAY DAMAGES**

Plaintiff, Darren Cuff, by and through his attorneys Caffarelli & Siegel Ltd., and pursuant to Fed. R. Civ. P. 50, respectfully renews his motion for judgment as a matter of law and requests that the Court award full back pay and benefits. Plaintiff concurrently files Plaintiff's Motion to Award Pre-Judgment Interest, Liquidated Damages, and Equitable Damages. Plaintiff will also be filing a Motion for Attorneys' Fees and Costs pursuant to Local Rule 54.3, and has already provided Defendants with the information required by Local Rule 54.3(d). Under Fed. R. Civ. P. 50, judgment as a matter of law should be granted when "a party has been fully heard on the issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." Fed. R. Civ. P. 50(a); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). Plaintiff seeks the Court's judgment that he is entitled to full back pay sought in connection with his termination by Defendants (in the amount of $100,409.02 as of February 27, 2012). Specifically, the jury found that Plaintiff would have returned to work had Defendants properly granted him his FMLA leave and there was no evidence that he would have discontinued working, thus entitling him to his full back pay and benefits. As such the Court should grant him judgment as a matter of law in the amount of $100,409.02.

**ARGUMENT**

Absent sufficient evidence in support of some complete or partial defense to damages, a plaintiff is entitled to an award of full back pay and benefits resulting from a defendant's violation of the FMLA. 29 U.S.C. § 2617. The purpose of back pay damages is to make the plaintiff whole, and should be adjusted in order to fulfill this goal. Pace v. Pottawattomie Country Club, Inc., No. 3:07-CV-347 RM, 2009 WL 4843403, at *2-3 (N.D. Ind. Dec. 11, 2009) (attached as Ex. A). Moreover, a jury's award of damages must be consistent with the evidence at trial. Here, after a two-day trial, the jury found that Plaintiff was prejudiced by Defendants' interference with his FMLA rights, and awarded Plaintiff damages in the amount of $28,800, which is far less than his full back pay and benefits. (D.E. 139.) However, there was no evidence to support a complete or partial defense to damages. Additionally, the amount awarded by the jury is inconsistent with the evidence adduced at trial.

**I.        The jury had no legal basis for reducing Plaintiff's back pay and benefits.**

At the close of evidence at trial, Plaintiff moved for a directed verdict on three separate bases. Specifically, Plaintiff requested judgment as a matter of law on (1) the question of whether he had been prejudiced by Defendants' interference with his FMLA rights, (2) Defendants' after-acquired evidence defense, and (3) Defendants' mitigation of damages defense. After considering the parties' arguments, the Court granted Plaintiff's motion for a directed verdict as to Defendants' after-acquired evidence and mitigation defenses, but denied the motion with regards to the question of whether Plaintiff was prejudiced. In denying Plaintiff's motion as it pertained to whether he was prejudiced by Defendants' interference, the Court found that there was a question as to whether Plaintiff would he have returned to work at the conclusion of his FMLA leave had it properly been granted.

Given the Court's ruling on Plaintiff's motion for a directed verdict, the <u>sole</u> question for the jury to determine was whether Plaintiff would have been able to return to work at the conclusion of his FMLA leave had Defendants properly granted it. Assuming that the jury found that Plaintiff would have returned to work, and thus was prejudiced by Defendants' interference with his FMLA rights, which it clearly did, there was no basis for the jury to award Plaintiff anything less than his full back pay and benefits. Specifically, the jury could not reduce Plaintiff's back pay and benefits due to any alleged bad actions by Plaintiff which formed the basis of Defendants' unsuccessful after-acquired evidence. Nor could the jury reduce Plaintiff's back pay and benefits because it thought he should have been able to find new employment sooner. Yet, this is exactly what the jury did by awarding Plaintiff $28,800 in damages, which is far less than his full back pay and benefits at the time of trial. The only reasonable explanation for the reduced amount is that the jury <u>sua sponte</u> wrongly credited Defendants' repeated references throughout the trial to its after-acquired evidence and mitigation defenses, which the Court rightly determined were unsupported by the evidence. As such, the Court should enter judgment as a matter of law in full amount of Plaintiff's back pay and benefits - $100,409.02.

**II.    The jury's award is inconsistent with the evidence presented at trial and should be adjusted to make Plaintiff whole.**

Additionally, given the lack of a proper after-acquired evidence or mitigation defense, the jury's award of $28,800 is speculative and not based upon the facts adduced at trial. Specifically, the evidence at trial showed that Plaintiff's 2009 W-2 wages were $46,752.87, or $899.09 per week. Moreover, Plaintiff testified that he was cleared by his physician to return to work on January 18, 2010. There are 110 weeks from January 18, 2010 to February 27, 2012. Therefore, Plaintiff's back pay at the time of trial was $98,899.90, which is $899.09 multiplied

3

by 110 weeks.[1] In addition, Plaintiff testified that his out of pocket COBRA expenses were $125.76 per month, and that he paid twelve months of COBRA, for a total of $1,509.12. Defendants provided no evidence to contradict Plaintiff's calculations. Therefore, Plaintiff was entitled to recover $100,409.02 in back pay and benefits. For the jury to award anything less is simply not supported by the facts at trial, and fails to make Plaintiff whole for Defendants violations of the FMLA. Consequently, because the jury clearly found that Plaintiff would have returned to work at the expiration of the FMLA leave to which he had been entitled, the Court should award judgment as a matter of law to Plaintiff in the amount of $100,409.02 – which is equal to his full back pay and benefits at the time of trial.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant his Renewed Motion for Judgment as a Matter of Law on Issues Pertaining to the Award of Full Back Pay Damages. Specifically, Plaintiff requests that the Court enter a judgment for Plaintiff that includes the full back-pay award of $100,409.02.

Dated: March 27, 2012                      Respectfully submitted,

Alejandro Caffarelli, #06239078            DARREN CUFF
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                By: /s/ Alejandro Caffarelli
Chicago, IL  60601                              Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231

---

[1] Even if the jury believed that Plaintiff would have fully exhausted his remaining FMLA days, and returned to work on February 18, 2010 (which, as properly stated on the jury verdict form, is the date he was eligible to obtain FMLA leave until), Plaintiff would still be entitled to receive 105 weeks of back pay, which equals $94,404.45.

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Plaintiff's Renewed Motion for Judgment as a Matter of Law on Issues Pertaining to the Award of Full Back Pay Damages,** to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on March 27, 2012.

David J.A. Hayes, III
Vice President & General Counsel
Trans States Holdings, Inc.
11495 Navaid Road
Bridgeton, MO 63044
Tel. (314) 222-4316
Fax (314) 222-4311
dhayes@transstates.net

A courtesy copy was delivered to the chambers of Judge Leinenweber via hand delivery within 24 hours of e-filing.

                /s/ Alejandro Caffarelli
                Alejandro Caffarelli
                Caffarelli & Siegel Ltd.
                Two Prudential Plaza
                180 N. Stetson, Suite 3150
                Chicago, IL 60601