## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-1349 | **DATE** | 9/24/2012 |
| **CASE TITLE** | Cuff vs. Trans States Holdings, Inc. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's motion for attorney's fees. For the following reasons, the motion is granted in part, denied in part and continued in part.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. BACKGROUND

This Court granted summary judgment for Plaintiff, Darren Cuff ("Cuff") on the issue of whether his employer, Defendants, violated the Family and Medical Leave Act ("FMLA"). Issues of damages and retaliation were left for trial. Shortly before trial, Plaintiff dropped his retaliation charge, and the jury rendered a verdict finding that Cuff, if he had not been denied FMLA, would have returned to work before his available leave under the Act would have expired. It awarded him $28,800 in damages, roughly one-quarter of the total amount it could have if it had awarded back pay for every week after his dismissal through trial. Plaintiff now seeks attorney's fees.

### II. LEGAL STANDARD

Local Court Rule 54.3(d) provides:

> *(1) The movant shall provide the respondent with the time and work records on which the motion will be based, and shall specify the hours for which compensation will and will not be sought. These records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine.*

"[W]hen the attorney time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on a particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required." *Hickory Farms, Inc. v. Snackmasters, Inc.*, 2008 Dist. LEXIS 67762, at *20 (N.D. Ill. April 2, 2008) (citing *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp.

**STATEMENT**

2d 1117, 1119 (N.D. Ill. 2006).
An attorney is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 n.12 (1983).

### III. ANALYSIS

### A. Sufficiency of the Billing Description

Defendants have raised several objections regarding the Plaintiff's time entries and urge the Court to make a general reduction. In support thereof, the Defendants argue that the Plaintiff's billing statements are too vague, and therefore, impede their ability to make objections to specific time slips. The Court is in agreement that the billing statements are lacking in specificity. It acknowledges that the local rule allows for privilege redactions, but finds it hard to believe that everything Plaintiff has redacted is truly privileged. Additionally, "the party seeking to invoke the [attorney-client] privilege bears the burden of proving all of its essential elements." *U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). No indication has been given as to why certain portions are privileged and what privilege they invoke.

Plaintiff cites *Rasic v. City of Northlake* (a case also tried by Plaintiff's attorneys) for the proposition that his billing is not too vague. 2010 U.S. Dist. LEXIS 134552, at *7-8 (N.D. Ill. Dec. 20, 2010). The case is not on all fours with this one. In *Rasic*, the court ruled that "block-billing" was disfavored but allowable as long as "the time records are sufficient to allow an opposing party to determine whether there are objections, and sufficient to allow the Court to resolve those objections." Here, the Defendants are essentially objecting that they cannot even get a handle on what is being billed. Plaintiff contends that "[h]ere, Cuff's attorneys provided billing records comparable to those they provided in *Rasic*." Pl.'s Reply 2. Respectfully, the Court has examined the billing records submitted in *Rasic* and disagrees. In *Rasic*, attorneys submitted 11 pages of itemized billing containing a total of 31 redactions. Here, Plaintiff has submitted 16 pages bearing 243 redactions, many of which make it impossible to evaluate the reasonability of what is being billed.

Plaintiff is directed to resubmit its itemizations, examining whether such redactions are truly necessary. Plaintiff should also evaluate whether the descriptions of certain tasks could be rephrased in order to avoid breaching attorney-client privilege or work-product privilege while still providing meaningful disclosure that would allow Defendants to intelligently object or accept proposed fees. For any redactions remaining (and there should be far fewer than there are now), Plaintiff must submit an unredacted copy for *in camera* review.

The Court takes movant's point that that the Defendants have failed to follow Local Rule 54.3(d) when they objected to Plaintiff's attorney's fees without providing their own billing statements. The rule is designed to avoid hypocritical objections. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) To illustrate, if a movant seeks 30 hours for summary judgment efforts, the opposing party is unlikely to object if it has itself spent 33 hours on the same task. Here, Defendants are contending that they cannot even get a grasp on what is being billed in order to make comparisons or objections. This is understandable, and submitting their own billing statements would have done little to shed light on whether the Defendants' objections are reasonable. *See Fulmore v. Home Depot U.S.A., Inc.*, 2007 U.S. Dist. LEXIS 31658, (S.D. Ind. April 27, 2007) (excusing compliance with similar local rule when producing such records would not have illuminated facts surrounding the objection).

Still, if after a revised itemization is provided, Defendants' have specific objections, they must provide the

**STATEMENT**

required billing statements of their own work. They must also enunciate with specificity each objection. *SKF USA, Inc. v. Bjerkness*, 2011 WL 4501395, at *5 (N.D. Ill. Sept. 27, 2011).

### B. Degree of Success, Results Obtained, Proportionality and Contingency Fee Arrangement

Mindful of the Seventh Circuit's belief that "[a] request for attorney's fees should not result in a second major litigation," (*Johnson v. GDF, Inc.*, 668 F.3d 927, 930 (7th Cir. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) the Court does its best to resolve the philosophical differences on billing between the parties so that all that need be resubmitted (if the parties cannot reach an agreement) by Plaintiff is an updated billing itemization, and not a rebriefing of the issues unless Defendants again object.

Defendants object that because Plaintiff dropped its retaliation claim before trial, it did not succeed on all claims and should accordingly have its fees reduced under *Hensley*. Additionally, they point out that Plaintiff's jury award and the Court's award of related statutory damages were only a fraction of what Plaintiff sought, and that the total award amounts to only 8 percent of the attorney's fees claimed. This also merits a reduction, they claim.

Addressing the second argument first, the Court is not persuaded by the proportionality argument. While far from what he sought, the Plaintiff's ultimate award of $49,546.79 was hardly nominal. *See Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (noting that "recovering less than 7% of amount sought is not reason to apply [reduction] if damages are not nominal.") (citing *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 822-823 (7th Cir. 2009). In regards to the award's proportion to the attorney's fees sought, such a disparity requires "increased reflection" by the Court, but the Seventh Circuit has "rejected the notion that the fees must be calculated proportionally to damages" when there is a statutory fee-shifting provision. *Anderson*, 578 F.3d at 545-546. "Reasonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost. Fee-shifting statutes remove this normative decision from the court. … The court must … limit itself to determining whether the hours spent were a reasonable means to that necessary end." *Id.* at 546.

The next issue is the degree of success Plaintiff had in terms of all claims alleged. Defendants argue that because Plaintiff dropped his FMLA retaliation charge on the eve of trial (leaving only the damages for FMLA interference to be determined at trial) the fees should be reduced in accordance with *Hensley*. Plaintiff argues that certain cases cast doubt on whether such a reduction applies given certain language in the FMLA statute that arguably distinguishes such cases from *Hensley*. The Court need not enter that thicket, for even within the confines of *Hensley*, the Seventh Circuit has "interpreted *Hensley* to permit attorney's fees for unsuccessful claims when those claims involved a common core of facts or related legal theories." *Jaffee v. Redmond*, 142 F.3d 409, 414 (1998). Here, the FMLA retaliation claim was closely tied to the FMLA interference claim, and it survived a motion for summary judgment. Once obtaining a favorable summary judgment ruling on the interference claim, Plaintiff made a tactical decision to drop the retaliation claim and limit the trial to damages on the interference claim. Besides the fact that the interference and retaliation claims were closely related, policy also advises against a reduction here. Plaintiff wisely narrowed the focus for trial, thereby saving the Court, the jury and the parties time, and possibly saving Defendants further attorney's fees. Charging him for that would only encourage plaintiffs to take superfluous claims to trial.

Finally, Plaintiff has also represented the client is receiving the full $49,546.79 award, and the attorneys are receiving only what the Court deems reasonable as an attorney's fee, the Court does not view the contingency fee arrangement as a windfall for the attorneys.

**STATEMENT**

While the Court reserves the right to decide which individual items in a revised billing statement may or may not be reasonable, the award will not reduce based on degree of success, results obtained, proportionality or the contingency fee arrangement, so the parties need not fight over that any longer.

### C. Mock Jury Time

This Court disallowed mock jury expenses in Plaintiff's bill of costs, citing *Am. Bank of St. Paul v. TD Bank, N.A.,* No. 09-2440, 2012 U.S. Dist. LEXIS 64774 (D. Minn. May 9, 2012). Plaintiff's attorneys now seek recompense for their time spent in such exercises. This Court is not prepared to say that mock trials are never reasonable, but it cannot approve them in a trial of such limited scope, where only damages were at issue and the trial lasted less than two full days. Plaintiff argues he had to prepare for every contingency, particularly since the Court did not rule on motions *in limine* until the morning of the trial. Plaintiff worried about sensitive topics, such as Plaintiff's sexual orientation, and wanted to test reactions of jurors, he argues. First, Plaintiff could have sought to move up motions *in limine*. Second, a similar argument could be made about every jury trial in existence. Opposing parties always try to introduce evidence the other side views as harmful to their cause. The Court is unpersuaded. *See Flying J Inc. v. Comdata Network, Inc.*, 2007 U.S. Dist. LEXIS 84554, at *70-75 (N.D. Utah Nov. 15, 2007) (reviewing conflicting case law on mock juries and moot court appellate arguments and ultimately disallowing $32,538.72 in moot court activities). Plaintiff must remove all hours billed on mock jury and moot court activities when it resubmits its itemization. The Court will, however, take into account that this activity has already been removed if Defendants still object to the revised itemization that trial preparation time was excessive.

### D. Specific Item Disputes

Defendants object to multiple specific items. Here, however, Plaintiff's disclosure of their activities per Local Rule 54.3 would illuminate this objection. Again, because of the overwhelming number of redactions, the Court is not enforcing this rule at this point, but should Defendants again object to specific items after Plaintiff resubmits its itemized list, they must comply with this rule.

That said, unless it turns out that Defendants have spent comparable time on similar tasks, the Court is inclined to agree with Defendants on certain items. The dedication of 53.5 hours in 14 consecutive line items by "MKE" on two motions to compel (Defs.' Mem., Ex. C at 16, ECF No. 159-1, Page ID 3419) is excessive. The Court is aware Plaintiff has already reduced some of these MKE line-item entries, but it has not reduced all of them. All should be reduced so MKE bills no more than an equivalent of 24 hours on this task. Supervising attorneys should bill for no more than 5 hours reviewing/editing her work.

As noted, the Court has already disallowed time in mock jury exercises. Defendants object to the 253.25 hours in trial prep time billed by Plaintiff. The Court notes that this 16 times longer than the two days (16 hours) it took to try the case. Preparation is everything at trial, and the Court acknowledges that multiple persons on Plaintiff's team were necessary to conduct the trial, but this is still overkill for a two-day trial. (Again, assuming Defendants can demonstrate they did not spend a similar amount of time in trial prep.) The 253.25 hours presumably includes the mock trial time, which the Court has already disallowed. The remaining trial prep hours should be reduced another 20 percent.

Regarding the objection to billing tasks "delegable to non-professional assistance," the Court finds these allowable. While some may describe mundane-sounding tasks such as preparing or proofreading trial exhibits and assembling trial binders, the Court thinks having paralegals and attorneys involved in this task is

**STATEMENT**

sometimes necessary to prevent attorneys and their staff fumbling for exhibits during trial. Proofreading can also entail substantive review of content which non-professional staff may not be equipped to do.

To reiterate, because Defendants have yet to comply with Local Rule 54.3 by submitting their own billing, and because Plaintiff appears to have excessively redacted, the decisions in this section (Section D) are tentative and based on the assumption that Defendants' counsel has not billed in a commensurate amount. Plaintiff is to revisit its redactions and provide Defendants with a new line-item listing within 14 days of entry of this order. Defendant may then object anew within 14 days of receiving that new line itemization, with Plaintiff entitled to a response (complete with an unredacted *in camera* line item) within 7 days of that objection. However, the Court suggests the parties forego such further machinations, take the direction provided in this Section, and reach an agreement so that this case may proceed to appeal or conclude expeditiously.

### IV. CONCLUSION

The Defendants' motion is granted in part, denied in part and continued in part. All mock trial billings are disallowed as unreasonable. The motion to reduce trial fees based on degree of success, proportionality, results obtained and the contingency fee are denied.

The Court tentatively rules on specific objections as described in Section D; final ruling is contingent on Plaintiff revising its line-item descriptions and providing the Court an unredacted *in camera* copy of the line items, and upon Defendants complying with Local Rule 54.3 should they again object to specific items. However, the Court reiterates that it encourages the parties to reach agreement on the remainder of the specific objections.