IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARREN CUFF,<br><br>                Plaintiff,<br><br>    v.<br><br>TRANS STATES HOLDINGS, INC.,<br>TRANS STATES AIRLINES, GOJET<br>AIRLINES, LLC, and ED<br>TROWBRIDGE, Individually,<br><br>                Defendants. | Case No. 10 C 1349<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Revised Motion for Attorney's Fees. For the reasons stated herein, the Motion is granted in part and denied in part. The Court awards the sum of $324,170.68 in attorneys' fees. Defendants also urge the Court to reconsider its earlier ruling of September 24, 2012. That request is construed as a motion for reconsideration and is denied.

### I. BACKGROUND

The Court presumes familiarity with its ruling of September 24, 2012 and recites background primarily as to the procedural history of motions for costs and fees. On September 24, 2012, this Court issued an initial ruling regarding the parties' initial submissions regarding attorneys' fees in this Family and Medical Leave Act case. The Court resolved several issues between the parties, ruling that it would not reduce Plaintiff's fees based


on degree of success, results obtained, proportionality or the Plaintiff's contingency fee arrangement. *Cuff v. Trans States Holdings, Inc., et al.*, No 10 C 1349, at 4 (N.D. Ill. Sept. 24, 2012).

The Court also agreed with Defendants that certain specific itemizations seemed patently unreasonable and reduced the hours billed accordingly. The Court ruled that 53.5 hours on two motions to compel was excessive and reduced the amount to 24 hours. The Court ordered a reduction of 20 percent of the hours billed for trial preparation, and it disallowed all mock trial expenses and attorneys' fees associated with them.

Aside from these few specific objections, however, Defendants argued that Plaintiff's billing itemizations had been so heavily redacted under the guise of "privilege" as to interfere with Defendants' ability to object to the reasonableness of certain billings. The Court agreed and ordered the Plaintiff to revise his itemizations, eliminating redactions where possible and, where impossible, to submit an unredacted copy to chambers for evaluation. However, the Court noted that, should Defendants object again to specific itemizations, they must provide Plaintiff with their own itemizations as provided for in Local Rule 54.3.

Plaintiff provided a revised billing itemization and Defendants, once again, object.

## II. **LEGAL STANDARD**

The Court incorporates by reference the legal standard of its September 24, 2012 order.

## III. **ANALYSIS**

### A. Motion to Reconsider

In their latest brief, Defendants "urge this Court to reconsider based upon the fact that awarding Plaintiff's counsel even the 'reduced' fees sought would result in [an] award over 7 times the amount of Plaintiff's recovery." Defs.' Br., at 2, ECF No. 175.

Reconsideration is appropriate in limited circumstances, such as where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law; or (5) there has been a controlling or significant change in the facts. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07-1394, 2011 U.S. Dist. LEXIS 50894, at *5 (N.D. Ill. May 12, 2011). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. *Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Here, Defendants identify no grounds for reconsideration. Rather, they simply restate their argument that the attorneys' fees are so disproportional to the amount awarded that they must be

- 3 -

unreasonable. The Court has already addressed this argument and dismissed it. While the Court acknowledged that such disparity requires "increased reflection" by the Court, it also noted that the Seventh Circuit has "rejected the notion that the fees must be calculated proportionally to damages" when there is a statutory fee shifting provision. *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 546 (7th Cir. 2009). Defendants also rehash their "degree of success" argument already made and rejected. Simply put, Defendants have not cited any basis cited in *Citadel* that would merit reconsideration. The Motion to Reconsider is denied.

### B. Defendants' Objections

Plaintiff's initial motion for attorney's fees sought $366,218.55. Based on the Court's reductions of September 24, 2012, Defendants objections to Plaintiff's new itemization and unilateral reductions by Plaintiff, Plaintiff now seeks $340,876.52. Defendants still object and seek a 50 percent reduction in fees.

Defendants cite a number of cases in support of this across-the-board reduction: *Tauber v. City of Chicago*, 33 F.Supp.2d 699, 701 (N.D. Ill. 1999); *LaSalvia v. City of Evanston*, 2012 U.S. Dist. LEXIS 89434 (N.D. Ill. June 28, 2012); *DeCola v. Keel*, 2010 U.S. Dist. LEXIS 133105 (N.D. Ill. Dec. 16, 2010). All of these cases, however, granted reductions based on degree of success. Again, this Court has already ruled on that topic and determined that such

a reduction was not applicable under *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998).

Defendants do not object that any attorney or paralegal's billing rate is unreasonable. Thus, the only objections left for the Court to consider are the objections to specific itemizations that would reduce the total number of hours billed. Plaintiff argues that Defendants have waived any specific objections because they have not provided complete billing records of their own as required by Local Rule 54.3. Defendants respond that they have provided Plaintiffs with bills submitted by outside counsel and that records for the remainder of the hours expended in defense of this case were performed in-house and no additional hourly tracking records exist. The wording of Local Rule 54.3 seems to make some allowance for this. It requires "the respondent . . . [to] furnish . . . (A) the time and work records (*if such records have been kept*) of respondent's counsel . . ." L.R. 54.3(d)(5)(A) (emphasis added). The purpose of the rule is to prevent hypocritical objections (*see Farfaras v. Citizens bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006)), not to force a defendant to engage in meaningless record-keeping. While it would be wise for a defendant's in-house counsel to record the time and nature of activities spent in defense of a lawsuit, the entire point of performing work in-house is to save the client money. As these tedious billing motions amply indicate, tracking and proving

- 5 -

expenditures itself takes significant time and resources. While Defendants' paucity of itemization counts against them, the Court will not say they made a blanket waiver in this regard. *See Gibson v. City of Chicago*, 873 F.Supp.2d 975 (N.D. Ill. 2012) (agreeing that defendant's failure to provide billing statements placed them at a "disadvantage" in making objections, but nonetheless finding some of plaintiff's itemizations excessive); *see also Entm't Software Ass'n v. Blagojevich*, 2006 U.S. Dist. LEXIS 93638, at *27 n.4 (N.D. Ill. Aug. 9, 2006) (noting "defendants had virtually no chance of obtaining attorney's fees had they won the case and thus there was no reason for them to keep records any more detailed than their clients might have wanted or needed").

However, the Court does find merit in Plaintiff's argument that Defendants have violated the spirit of Local Rule 54.3 by submitting to Plaintiff billing statements that are so heavily redacted as to be meaningless. It is astounding that Defendants, after successfully arguing that Plaintiff's itemizations were too heavily redacted to be of any use, would turn around and submit similarly excessively redacted itemizations of their own. This is indeed the very type of hypocritical objection sought to be prevented by Local Rule 54.3. Therefore, the Court considers any objections based on vague itemization statements waived and will only address those objections that demonstrate clearly excessive or redundant billing.

Defendants have made 117 specific objections to Plaintiff's billing. The Court has read and considered each and every one of them. The Court finds 10 allege vagueness in billings which, as already discussed, the Court deems waived by Defendant. Another 19 objections have been addressed through reductions by Plaintiff.

The Court finds merit in the following objections and finds a chart the most efficient manner of explaining and reducing such billed hours. Some rows encompass multiple specific objections by Defendants.

| Bill Date(s) | Staff | Time Spent | Defs.' Objection | Reduced to | Court's Rationale |
|---|---|---|---|---|---|
| 1/27/12 1/30/12 | AC | 5.5 hrs | Excessive, delegable to junior attorney | 2.0 hrs | Routine task of jury instructions could have been delegated to associate. *See Smith v. Richard Wolf Med. Instruments*, 264 F.3d 702, 708 (7th Cir. 2001). |
| 2/2/2012- 2/10/2012 | AC | 24.25 hrs | Excessive | 19.5 hrs (80%) | Per Court's 9/24/12 order, trial preparation activities were to be reduced by 20%. Pre-trial order, motions in limine, fall in that category. |
| 2/13/12, 2/16/12 | AC | 13 hrs | Excessive | 9 hrs (80%) | Same as above |
| N/A | AC | 25 hrs (estimate) | Not documented | 0 hrs | Plaintiff has not adequately explained why he estimated rather than recorded exact hours spent on post-trial motions and fee petitions; Additionally such activities were duplicatively billed on 3/1/12, 3/14/12 & 3/20/12. |
| 1/6/11, 1/7/11 | BM | 1.25 hrs | Excessive | .25 hrs | Agree with Defendants that time to revise a one-page medical release form is excessive in light of the 1.25 hours spent on it on 12/15/10 |
| 12/5/2011- 12/6/2011 | BM | 9 hrs | Excessive, duplicative | 2 hrs | Agree with Defendants that 9 hours to draft a settlement demand |


| Bill Date(s) | Staff | Time Spent | Defs.' Objection | Reduced to | Court's Rationale |
|---|---|---|---|---|---|
| | | | | | letter is unreasonable, particularly in light of the 2 hours AC spent on same task. |
| 1/4/12 | BM | .75 hr | Excessive, duplicative | .6 hr (80%) | Per Court's 9/24/12 order, trial preparation activities were to be reduced by 20%. Pre-trial order, motions in limine, fall in that category. |
| 1/26/12-2/13/12 | BM | 13.75 hrs | Excessive, duplicative | 11 hrs (80%) | Same as above. |
| 2/7/12 | BM | 1 hr | Excessive, duplicative | .8 hr (80%) | Same as above. |
| 2/22/12 | JGZ | 1.25 hrs | Excessive | 1 hr | Meeting length excessive. *See Gibson v. City of Chicago*, 873 F. Supp. 2d 975 (N.D. Ill. 2012) (noting "internal meetings are not always the model of efficiency"). |
| 2/27/12 | JGZ | .75 hr | Courier not billable | .25 hr | Court agrees that the delivery portion of "prepare and deliver" documents is non-billable as something delegable to non-professional staff. |
| 2/28/12 | MC | 3 hrs | Disallowed mock jury activities | 0 hr | Agree with Defendants that staffer's serving as jury is not trial prep but mock jury activity, which was disallowed by 9/24/12 order. |

Calculating in each of the individual attorneys and paralegal's rates, these disallowed hours result in a further reduction of $18,196 to $322,680.52. Adding in Plaintiff's legal research fees of $1,490.16 (*see* Order of June 1, 2012), the Court allows $324,170.68 in attorneys' fees.

The Court finds the remainder of Defendants' objections unfounded, and will not go into excruciating detail for each and every one, but merely offers a sample of unwarranted objections. For example, Defendants argue that thirty-three hours for the

taking of three Rule 30(b)(6) depositions, a site inspection and related travel to St. Louis from Chicago is excessive when those depositions "lasted a total of X hours combined." ECF No. 173-1, PageID # 3646. Clearly, without knowing how long "X" is, the Court cannot gauge whether that is, in fact, excessive, particularly when "Rule 30(b)(6) witness[es] often require[] additional preparation" and travel. *Nieman v. Grange Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 160753, at *5 (N.D. Ill. Nov. 9, 2012). Additionally, Plaintiff's entries indicate some of that time was spent in preparation, presumably while also traveling, meaning Plaintiff's attorney was likely not just twiddling his thumbs on the plane. In any case, "[s]tatutes authorizing compensation for attorneys' fees . . . permit compensation for travel time." *In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995).

As another example, Defendant's object that attorney Alejandro Caffarelli, a partner in his firm, should not have billed three hours on April 5, 2011 to "review and revise" a motion for summary judgment when Caffarelli's own itemizations indicate he did not begin to "draft" such a motion until April 7, 2011. However, this objection ignores that Caffarelli's associate, Bradley S. Manewith, drafted such a motion over several days beginning March 31 through April 4, 2011, and that this is likely what Caffarelli was revising. That Caffarelli later did more work on the motion on April 7, 2011 and called it "drafting" is inconsequential.

Nor does the Court find excessive Caffarelli's expenditure of 15.25 hours from April 5-7, 2011 and his associate's expenditure of 44.75 hours on tasks connected to the motion for summary judgment (including reviewing evidence, researching law, and drafting and revising the motion and Local Rule 56.1 statement). Compared to these 60 hours on the motion for summary judgment, the 95.5 combined hours these two attorneys spent on activities related to responding to the cross-motion for summary judgment becomes questionable, but the Court cannot say it is excessive when it has no idea how many hours Defendants expended.

In another series of objections, Defendants argue Plaintiff did not obey this Court's September 24, 2012 order reducing the number of hours revising two motions to compel to five hours. Yet by the Court's accounting, this time *has* been revised and now amounts to 4.99 hours between the two attorneys, which is in compliance with the 5 hour maximum the Court set in its previous order.

Finally, the Court cannot find billing entries "duplicative" merely because an attorney works on the same subject matter on separate days. This alone eliminates a great number of Defendants' objections.

### IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Reconsider is denied. Plaintiff's Motion for Attorney's fees is

granted in part and denied in part.  The Court allows the sum of $324,170.68 in attorneys' fees.  This award is in addition to the damages and costs totaling $49,546.79 that were awarded in the Court's May 31, 2012 order, for a total award of $373,717.47.

Because the time for appeal has been stayed pending this ruling pursuant to Federal Rule of Civil Procedure 58(e), the resolution of this matter lifts that stay.  The parties now have thirty (30) days to file a notice of appeal of final judgment.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

**DATE:1/11/2013**